DOWNING v ALLSTATE INSURANCE COMPANY

Docket Nos. 49165, 50749. Submitted April 14, 1981, at Detroit.— Decided February 3, 1982. Leave to appeal applied for.

Mickle Lange was fatally injured in an automobile accident while riding as a passenger in a car driven by an uninsured motorist. Jacqueline Downing, administratrix of the estate of Mickle Lange, sought recovery of uninsured motorist benefits under a policy issued by Allstate Insurance Company to Lange's parents. Allstate denied the claim, and decedent's parents filed a demand for arbitration pursuant to a clause in the insurance policy. An arbitration award was issued, in which plaintiff's claim for uninsured motorist benefits was denied. Plaintiff requested a clarification of the arbitrator's award. The clarification, when issued, stated that plaintiff had failed to present sufficient evidence that the uninsured motorist had been negligent. Plaintiff then asked the arbitrators to reopen the proofs, but before receiving a response to her request, plaintiff filed a motion in Wayne Circuit Court seeking to reopen the proofs, which the trial court treated as a motion to vacate the arbitration award. Plaintiff thereafter filed a motion to amend its original motion, a motion to consolidate with other proceedings, and a motion for other relief. Plaintiff also filed an independent lawsuit alleging breach of contract and seeking equitable relief for defendant's failure to pay the uninsured motorist claim. The trial court, Myron H. Wahls, J., consolidated the actions and denied plaintiff's motion to reopen the proofs of the arbitration award or to vacate the arbitration award and ordered the confirmation of the award. The trial court also granted summary judgment in favor of defendant with respect to the independent lawsuit on the ground that the arbitration award

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Arbitration and Award §§ 110, 185.

[2] 5 Am Jur 2d, Arbitration and Award § 185.

[3] 5 Am Jur 2d, Arbitration and Award §§ 142, 146, 147.

[4] 5 Am Jur 2d, Arbitration and Award § 183. Time for Impeaching Arbitration Award. 85 ALR2d 779.

[5] 44 Am Jur 2d, Insurance § 1707 et seq.

was final and binding upon the parties. Plaintiff appeals both orders. *Held:*

1. Plaintiff's motion to vacate the arbitration award was not timely made. The court rules provide that an application for the vacation of an arbitration award must be filed with the circuit court within 20 days after delivery of a copy of the award to the applicant. Plaintiff failed to comply with the 20-day limit.

2. Plaintiff's argument that the 20-day time limit in which to file a motion to vacate an award violates her rights to equal protection under the law is without merit.

3. Objections to an arbitration award may not be raised after expiration of the 20-day time limit allowed for applying for vacation of the award.

4. The trial court did not err in finding the federal arbitration act inapplicable to plaintiff's arbitration award.

5. Where an insurance policy arbitration clause provides for binding arbitration, a beneficiary may not maintain an independent action for breach of contract. The trial court did not err in dismissing plaintiff's independent suit for breach of contract.

6. Plaintiff's argument that arbitration conducted pursuant to the Insurance Code of 1956 is necessarily common-law, not statutory, arbitration and therefore unaffected by the 20-day time limit in the court rules is without merit (MCL 500.2254; MSA 24.12254, GCR 1963, 769.9[2]).

Affirmed.

1. ARBITRATION — VACATION OF AWARDS — COURT RULES.

An application for the vacation of an arbitration award must be filed with the circuit court within 20 days after delivery of a copy of the award to the applicant (GCR 1963, 769.9[2]).

2. ARBITRATION — CLARIFICATION OR RECONSIDERATION OF AWARD — VACATION OF AWARDS — COURT RULES.

There is no provision in the statutes or the court rules which provides for a clarification or a reconsideration of an arbitration award; therefore, a written request for reconsideration submitted to the arbitrator will not toll the 20-day time limit in which application for vacation of the arbitration award must be made (GCR 1963, 769.9[2]).

3. ARBITRATION — AWARDS — FINALITY.

An arbitration is complete upon issuance of the arbitration award.

4. ARBITRATION — OBJECTIONS TO AWARDS — COURT RULES.

Objections to an arbitration award may not be raised after expiration of the 20-day time limit for filing an application for vacation of the award (GCR 1963, 769.9[2]).

5. INSURANCE — ARBITRATION — BREACH OF CONTRACT.

A beneficiary under an insurance policy which contains an arbitration clause providing for binding arbitration may not maintain an independent action against the insurer for breach of contract for failure to pay a claim.

*David Melkus,* and *Canyock & Thumm, P.C.,* for plaintiff.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *Sharon C. Ranucci),* and *Rosaline H. Rochkind,* for defendant.

Before: R. M. MAHER, P.J., and R. B. BURNS and M. J. KELLY, JJ.

PER CURIAM. Plaintiff appeals by right an order denying her motion to vacate an arbitration award which provided that she was not entitled to recover on an uninsured motorist claim. Plaintiff also appeals by right an order granting defendant summary judgment and dismissing plaintiff's complaint alleging breach of contract and seeking equitable relief for defendant's failure to pay the uninsured motorist claim. The two actions were consolidated by the trial court on March 13, 1980.

Mickle Lange was fatally injured in an automobile accident on August 2, 1976, while a passenger in a car driven by an uninsured motorist. Plaintiff, the administratrix of Lange's estate, sought recovery of uninsured motorist benefits under a policy issued by defendant to the decedent's parents. Defendant denied the claim, and the decedent's parents filed a demand for arbitration on April 28,

1977, pursuant to a clause in the insurance policy which provided:

> "*Arbitration.* If any person making claim hereunder and Allstate do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this coverage, then, upon written demand of either, the matter or matters upon which such person and Allstate do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and Allstate each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this coverage."

An arbitration award was issued on April 26, 1979, denying plaintiff's claim for uninsured motorist benefits.

On May 14, 1979, plaintiff requested a clarification of the arbitrator's award. On August 13, 1979, the arbitrators issued a clarification, which stated that plaintiff had failed to present sufficient evidence that the uninsured motorist had been negligent. On August 24, 1979, plaintiff asked the arbitrators to reopen the proofs. On September 11, 1979, before receiving a response to her request from the American Arbitration Association, plaintiff filed a motion in circuit court seeking to reopen the proofs relating to the arbitration award, which the trial court treated as a motion to vacate the award. On December 13, 1979, plaintiff filed a motion to amend its original motion, a motion to consolidate with other proceedings, and a motion for other relief. On the same day, plaintiff filed an independent lawsuit alleging breach of contract

and seeking equitable relief for defendant's failure to pay the uninsured motorist claim.

On December 14, 1979, the trial court denied plaintiff's motion to reopen the proofs of the arbitration award, or in the alternative to vacate the arbitration award, and ordered the confirmation of the award. On March 13, 1980, the trial court granted defendant summary judgment with respect to the independent lawsuit on the ground that the arbitration award was final and binding upon the parties. This appeal followed.

GCR 1963, 769.9(2) provides that an application for the vacation of an arbitration award must be filed with the circuit court within 20 days after "delivery of a copy of the award to the applicant". The trial court denied plaintiff's motion to vacate the award on the ground that it was untimely under this rule. Plaintiff admits that her motion to vacate was untimely under the court rule but argues that her requests for clarification and reconsideration tolled the 20-day period. However, even assuming *arguendo* that a request for clarification tolls the limitation period, the motion to vacate was still untimely inasmuch as the clarification was issued more than 20 days prior to the filing of the motion. Nevertheless, we still must determine whether the written request submitted to the American Arbitration Association for reconsideration tolled the 20-day period.

We must assume that plaintiff was aware of the 20-day limitation period, which begins, according to the express terms of the court rule, immediately after issuance of the award. Neither statute nor court rule provides for clarification or reconsideration of an award by arbitrators. Plaintiff cannot manufacture a tolling provision by employing a procedural device unauthorized by statute. Al-

though plaintiff contends that a motion to vacate the award would have been premature if the arbitration process had not yet been exhausted, an arbitration in Michigan is complete upon issuance of the award; hence, such a motion would not have been premature.

Plaintiff also contends that the 20-day period for filing a motion to vacate is so stringent that it effectively bars judicial relief and thus results in a denial of due process The 20-day rule is unlike statutes which limit the time in which a suit may be filed. A motion to vacate is essentially a form of posttrial relief; therefore a 20-day time limit is not unreasonable. For example, a motion for a new trial may not be made later than 20 days after the entry of a judgment. GCR 1963, 527.2.

Plaintiff next contends that limiting the time in which to file a motion to vacate an award to 20 days, while allowing one year for a party to confirm the award, violates her rights to equal protection under the law. Plaintiff's reasoning is defective. The 20-day time limit applies to either party who wishes to vacate an award. The distinction is between procedures, not between parties; therefore, plaintiff's argument is without merit.

Plaintiff further contends that even if a motion to vacate an award is deemed untimely, where confirmation of an award is sought by one party, the other party may interpose its objections to the award. Regardless of another party's attempt to confirm an award, objections to an award may not be raised after expiration of the 20-day time limit. *Werner v Travelers Indemnity Co,* 55 Mich App 390, 394-395; 222 NW2d 254 (1974).

Plaintiff also contends that the trial court erred in finding the federal arbitration act inapplicable to her arbitration award. Under the federal act, 9

USC 1 *et seq.,* contends plaintiff, her motion to vacate would have been timely, and she would have been allowed to raise objections to the award when the court considered confirmation of the award.

Plaintiff argues that the federal arbitration act supersedes state arbitration acts where a contract involving commerce contains an arbitration clause. The federal act provides in part:

"A written provision in * * * a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 USC 2.

We do not believe that Congress intended the federal act to preempt state arbitration statutes when relief from an arbitration award is sought in state court. In any event, plaintiff's motion would have been untimely even under the federal act, which allows three months after issuance of an award to serve notice of a motion to vacate, modify or correct. 9 USC 12.

Plaintiff next challenges the validity of the arbitration clause provision which states that each party is "to consider itself bound and to be bound by any award made by the arbitrators pursuant to this coverage". Plaintiff relies on MCL 500.2254; MSA 24.12254, which provides in part:

"No article, bylaw, resolution or policy provision adopted by any life, disability, surety, or casualty insurance company doing business in this state prohibiting a

member or beneficiary from commencing and maintaining suits at law or in equity against such company shall be valid and no such article, bylaw, provision or resolution shall hereafter be a bar to any suit in any court in this state: Provided, however, That any reasonable remedy for adjudicating claims established by such company or companies shall first be exhausted by the claimant before commencing suit * * *.''

Plaintiff, having exhausted the "reasonable remedy" established by the insurance company (i.e., arbitration), argues that she must now be permitted to "commence suit". According to plaintiff's theory, the trial court therefore erred in dismissing plaintiff's independent suit for breach of contract. In response, defendant contends that, under the language of the statute and the arbitration clause, plaintiff's sole remedy is a motion to vacate the award under GCR 1963, 769.9. We agree. Where an insurance policy arbitration clause provides for binding arbitration, a beneficiary may not maintain an independent action for breach of contract. We construe the critical language in MCL 500.2254; MSA 24.12254—"Commencing suit"—to mean that such a claimant may seek only the limited relief available under GCR 1963, 769.9. Although this is a case of first impression, we believe that the statute is intended to facilitate the resolution of disputes through arbitration, and that our interpretation is most consistent with this purpose.

Finally, plaintiff claims that arbitration conducted pursuant to MCL 500.2254; MSA 24.12254 is necessarily common-law, not statutory, arbitration. Under this theory the 20-day time limit would be inapplicable since GCR 1963, 769 applies only to statutory arbitration.

This argument is without merit. The statute

contemplates the use of statutory arbitration, and the insurance policy provides for statutory arbitration. Plaintiff has cited no authority in support of this contention.

We observe that most of plaintiff's difficulties stem from failure to comply with the 20-day rule, GCR 1963, 769.9(2).

Affirmed.