ARROW OVERALL SUPPLY COMPANY v PELOQUIN
ENTERPRISES

Docket No. 63928. Argued May 6, 1981 (Calendar No. 8).—Decided
August 23, 1982.

Arrow Overall Supply Company brought an action in the Wayne
Circuit Court against John Peloquin Enterprises, Ltd., a Michi-
gan corporation, to enforce an arbitration award in favor of
Arrow. Peloquin had not participated in the arbitration pro-
ceeding. In the circuit court Peloquin sought to raise the
defense that there was not a valid agreement to arbitrate
because its employee who had signed an agreement to arbitrate
was not authorized to enter such an agreement for Peloquin.
The circuit court, Joseph A. Moynihan, Jr., J., confirmed the
award and gave judgment for the plaintiff. The Court of Ap-
peals, Kelly, P.J., and Bashara and R. B. Burns, JJ., affirmed in
an unpublished opinion per curiam on the ground that the
defendant did not raise the issue of the validity of the agree-
ment at the earliest opportunity (Docket No. 78-1469). The
defendant appeals.

In a unanimous opinion by Justice Kavanagh, the Supreme
Court held:

The defense of invalidity of the agreement to arbitrate may
be raised when confirmation of the award is sought.

The existence of a binding agreement to arbitrate is a condi-
tion precedent to the exercise of the court's jurisdiction to enter
judgment on an award under the governing statute and court
rule. The existence of a contract and the enforceability of its
terms is a judicial question which cannot be decided by an
arbitrator. This case, in which the defendant did not partici-
pate in the arbitration proceeding, is distinguishable from the

REFERENCES FOR POINTS IN HEADNOTES

[1, 5] 5 Am Jur 2d, Arbitration and Award § 11.
[2] 5 Am Jur 2d, Arbitration and Award §§ 8, 74.
   Constitutionality of arbitration statutes. 55 ALR2d 432.
[3, 5] 5 Am Jur 2d, Arbitration and Award § 15.
[4] 5 Am Jur 2d, Arbitration and Award §§ 29, 75, 83.
   Waiver of, or estoppel to assert, substantive right or right to
      arbitrate as question for court of arbitrator. 26 ALR3d 604.

case in which a party participates in arbitration without raising the issue of arbitrability and then, when the award is unfavorable, raises the issue in the circuit court upon a motion to confirm the award.

The court rule governing proceedings to compel or stay arbitration provides for discretionary application to the court for a preliminary decision as to the existence of an agreement to arbitrate, and each party runs a risk in failing to use the procedure, but it is not mandatory.

The time limit of 20 days for an application to vacate an award found in the court rule binds the moving party, not one who opposes a motion to confirm. Here the defendant is not seeking to vacate the award, but simply opposing its confirmation. Since the rule prescribes no time limit on the interposition of defenses, it appears proper to allow it whenever it is sought to confirm the award.

The judgment is reversed and the case remanded to the circuit court to determine whether there was a binding arbitration agreement.

1. ARBITRATION — AGREEMENT TO ARBITRATE — CONSENT.

Arbitration is a matter of contract, and a valid agreement must exist for arbitration to be binding.

2. ARBITRATION — AGREEMENT TO ARBITRATE — STATUTES — COURT RULES.

A binding agreement to arbitrate is a condition precedent to exercise of a court's jurisdiction to enforce an arbitration agreement under the Revised Judicature Act and General Court Rules (MCL 600.5001 *et seq.;* MSA 27A.5001 *et seq.;* GCR 1963, 769).

3. ARBITRATION — AGREEMENT TO ARBITRATE — JURISDICTION — JUDICIAL QUESTION.

Whenever the jurisdiction of an arbitrator is questioned, it must be determined in order to make an award on arbitration binding, and the existence of a contract to arbitrate and the enforceability of its terms is a judicial question which cannot be decided by an arbitrator.

4. ARBITRATION — COMPELLING OR STAYING PROCEEDINGS — COURT RULES.

A proceeding to compel or stay arbitration under the court rule governing arbitration is discretionary with the parties, not mandatory (GCR 1963, 769.2).

5. ARBITRATION — AGREEMENT TO ARBITRATE — DEFENSES — RAISING
    QUESTION.
    The defense to an arbitration award that there was no valid
    agreement to arbitrate may be raised in a proceeding to con-
    firm the award (MCL 600.5025; MSA 27A.5025; GCR 1963, 769).

*Cohn & Murphy* (by *Timothy P. Murphy; Patri-cia A. Streeter,* on the brief) for Arrow Overall Supply Company.

*Rickel, Urso, Wokas, Earle & Robb* (by *Randall M. Wokas)* for Peloquin Enterprises.

KAVANAGH, J. The issue in this case is whether the defense of "no valid agreement to arbitrate" may be raised in an action to confirm or enforce an arbitration award. We hold that it may.

Plaintiff's petition, brought pursuant to GCR 1963, 769.8, alleged that an arbitration award in the amount of $2,351.71 had been entered by the commercial arbitration tribunal of the American Arbitration Association on August 4, 1977, and asked that the award be confirmed.

On March 31, 1978, at a hearing in Wayne Circuit Court, defendant filed an answer and supporting affidavit specifically denying that the arbitrator had been appointed pursuant to law and that Furney Simpson, a former employee of defendant, had been authorized to execute any contracts on behalf of defendant. No representative of defendant had appeared at the arbitration hearing. Neither notice of submission of the claim to arbitration nor receipt of the arbitrator's award is disputed by defendant. The court affirmed the award and judgment was entered thereon.

The Court of Appeals affirmed, concluding that defendant had not timely raised the invalidity of the arbitration agreement.

We disagree.

The defense of "no valid agreement to arbitrate" is a direct attack on the exercise of jurisdiction of both the arbitrator and the circuit court. The decision to submit disputes to arbitration is a consensual one. "Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *J Brodie & Son, Inc v George A Fuller Co,* 16 Mich App 137, 145; 167 NW2d 886 (1969), quoting *Atkinson v Sinclair Refining Co,* 370 US 238; 82 S Ct 1318; 8 L Ed 2d 462 (1962). It follows that a valid agreement must exist for arbitration to be binding.

GCR 1963, 769 describes proceedings in the circuit court to confirm, enforce or vacate an arbitration award. It is applicable only to statutory arbitrations under MCL 600.5001 *et seq.;* MSA 27A.5001 *et seq.* MCL 600.5025; MSA 27A.5025 provides:

"Upon the making of an agreement described in section 5001, the circuit courts have jurisdiction to enforce the agreement and to render judgment on an award thereunder. The court may render judgment on the award although the relief given is such that it could not or would not be granted by a court of law or equity in an ordinary civil action."

Since MCL 600.5025; MSA 27A.5025 is the jurisdictional basis on which the court may enter judgment on an award, the presence of a binding agreement is a condition precedent to exercise of the court's jurisdiction. Without such agreement, a dispute would not fall within the scope of GCR 1963, 769,[1] and none of its provisions would apply.

Whenever the jurisdiction of an arbitrator is

---

[1] See *J Brodie & Son, Inc v George A Fuller Co,* 16 Mich App 137, 141; 167 NW2d 886 (1969).

questioned, it must be determined in order to make an award on arbitration binding.[2] The existence of a contract to arbitrate and the enforceability of its terms is a judicial question which cannot be decided by an arbitrator.[3]

The Court of Appeals, citing *American Motorists Ins Co v Llanes,* 396 Mich 113; 240 NW2d 203 (1976), as authority, held that defendant did not raise the issue of "no valid agreement to arbitrate" at the earliest opportunity and thereby waived the defense.

*Llanes* must be distinguished. The dispute there was over the scope of an acknowledged agreement to arbitrate. Here the dispute is not over the scope but rather the existence of an agreement to arbitrate. The insured in *Llanes* submitted a claim to arbitration. The insurer *participated* in the proceeding without raising the issue of the arbitrability of such claim. After a ruling on that claim adverse to it, the insurer first raised the issue of arbitrability of the claim in the circuit court upon a motion to confirm the award.

*Llanes* stands for the proposition that a party may not participate in an arbitration and adopt a "wait and see" posture, complaining for the first

---

[2] In *Waterford Ass'n of Educational Secretaries v Waterford School Dist,* 95 Mich App 107; 290 NW2d 95 (1980), the Court of Appeals stated that a finding of no agreement to arbitrate precludes the power or jurisdiction of an arbitrator to act. The Court also stated, "A lack of jurisdiction was recognized by this Court as a basis for attack of an arbitration award in *Brown v Holton Public Schools,* 62 Mich App 328; 233 NW2d 274 (1975), *vacated on other grounds* 397 Mich 71; 243 NW2d 255 (1976)". Also, in *Stowe v Mutual Home Builders Corp,* 252 Mich 492, 497; 233 NW 391 (1930), we said that an award outside of the scope of an agreement of arbitration is not binding, because it has no legal sanction.

[3] See *Detroit Demolition Corp v Burroughs Corp,* 45 Mich App 72, 79; 205 NW2d 856 (1973). Though the case deals with the arbitrability of specific issues, the same rationale holds for the arbitrability of the entire dispute. Also see 5 Am Jur 2d, Arbitration and Award, § 15, pp 531-532.

time only if the ruling on the issue submitted is unfavorable.

Defendant here did not participate in the arbitration, but directly raised the issue of the existence of an agreement to arbitrate in defense of a motion to confirm in circuit court.

GCR 1963, 769.2 provides for the parties to either compel or stay arbitration proceedings. The provisions of the court rule are not mandatory. They provide for discretionary application to the court for a preliminary decision as to the existence of an agreement to arbitrate. If plaintiff proceeds without moving the court to compel arbitration, he risks spending time, money and effort, only to have an award vacated or held unenforceable on a later finding that no arbitration agreement was in existence. If a party denying the existence of an agreement fails to seek a stay of the proceedings, he risks a later judicial determination that there was a contract requiring arbitration and of being obligated to the award though he did not participate in the proceedings.

Though it may be preferable and more orderly for a party denying the existence of an agreement to arbitrate to seek an injunction of the proceeding, it is not a mandatory requirement. If a burden must be placed on one of the parties to seek a preliminary judicial determination, it should be on the party seeking to compel arbitration. The notice letter required by statute imposes no duty on someone who has not entered into an agreement to arbitrate to commence any legal proceedings.

Plaintiff maintains that defendant's assertion that there is no agreement to arbitrate is in effect an application to vacate the award. Because the court rule limits the time for such application to 20 days after delivery of a copy of the award, he

argues that defendant should not be heard thereafter to urge such action.

This misperceives the procedure provided by the rule.

The rule's time limitation binds the moving party, not one who opposes the motion. Here the defendant is not seeking to vacate the award, but simply opposes its confirmation. Since the rule prescribes no time limitation on the interposition of defenses, it would appear proper to allow it whenever it be sought to confirm the award.

We reverse the judgment of the Court of Appeals and remand to the circuit court for a determination of the existence of a binding arbitration agreement.

COLEMAN, C.J., and WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred with KAVANAGH, J.