DOWNING v ALLSTATE INSURANCE COMPANY (ON REMAND)

Docket No. 68394. Submitted December 10, 1982, at Lansing.—Decided April 6, 1983. Leave to appeal applied for.

Mickle Lange was fatally injured in an automobile accident while riding as a passenger in a car driven by an uninsured motorist. Jacqueline Downing, administratrix of the estate of Mickle Lange, sought recovery of uninsured motorist benefits under a policy issued by Allstate Insurance Company to Lange's parents. Allstate denied the claim, and the decedent's parents filed a demand for arbitration pursuant to a clause in the insurance policy. An arbitration award was issued, in which plaintiff's claim for uninsured motorist benefits was denied. Plaintiff requested a clarification of the arbitrator's award. The clarification, when issued, stated that plaintiff had failed to present sufficient evidence that the uninsured motorist had been negligent. Plaintiff then asked the arbitrators to reopen the proofs, but before receiving a response to her request plaintiff filed a motion in Wayne Circuit Court seeking to reopen the proofs, which the trial court treated as a motion to vacate the arbitration award. Plaintiff thereafter filed a motion to amend her original motion, a motion to consolidate with other proceedings, and a motion for other relief. Plaintiff also filed an independent lawsuit alleging breach of contract and seeking equitable relief for defendant's failure to pay the uninsured motorist claim. The trial court, Myron H. Wahls, J., consolidated the actions and denied plaintiff's motion to reopen the proofs of the arbitration award or to vacate the arbitration award and ordered the confirmation of the award. The trial court also granted summary judgment in favor of defendant with respect to the independent lawsuit on the ground that the arbitration award was final and binding upon the parties. Plaintiff appealed both

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 5 Am Jur 2d, Arbitration and Award § 185.

[2-4] 5 Am Jur 2d, Arbitration and Award § 6.
Construction and application of § 10(a-d) of United States Arbitration Act of 1947 (9 USCS § 10(a-d)) providing grounds for vacating arbitration awards. 20 ALR Fed 295.

[3] 51 Am Jur 2d, Limitation of Actions § 138.

orders, and the Court of Appeals affirmed, 113 Mich App 96; 317 NW2d 302 (1982). The Supreme Court, in lieu of granting leave to appeal, vacated the Court of Appeals judgment and remanded the case to the Court of Appeals for reconsideration, 414 Mich 965 (1982). *Held:*

1. The Supreme Court's decision in *Arrow Overall Supply Co v Peloquin Enterprises,* 414 Mich 95; 323 NW2d 1 (1982), does not alter the conclusion that plaintiff's motion to vacate was untimely.

2. Although the Court of Appeals response to plaintiff's argument that, even if her motion to vacate were untimely, there is no time limit to raising the objections to the other party's motion to confirm the award was incorrect, the result is the same.

3. The federal arbitration act does not apply to plaintiff's contract because the contract did not evidence a transaction involving interstate commerce.

4. The statutory period for seeking vacation of an arbitration award under the federal act is tolled by a request for clarification of that award. However, the federal act does not apply to this case and therefore does not prevent the conclusion that plaintiff's motion to vacate was untimely.

Affirmed.

M. J. KELLY, J., concurred in the result. He would find the federal arbitration act wholly inapplicable to these proceedings because that act was not intended to supersede state arbitration statutes but to provide federal courts with the necessary powers to enforce and adjudicate arbitration agreements affecting admiralty or commerce.

### OPINION OF THE COURT

1. ARBITRATION — VACATION OF AWARDS — CONFIRMATION OF AWARDS — TIME LIMITATIONS — COURT RULES.

The rule that an application for the vacation of an arbitration award must be filed with the circuit court within 20 days after delivery of a copy of the award to the applicant binds the moving party only, not one who opposes the motion; an objection to a motion to confirm an award may be made at any time prior to the confirmation (GCR 1963, 769.9[2]).

2. ARBITRATION — FEDERAL ARBITRATION ACT — INTERSTATE COMMERCE.

The federal arbitration act does not apply to contracts which do not evidence a transaction involving interstate comerce (9 USC 1 *et seq.).*

3. ARBITRATION — FEDERAL ARBITRATION ACT — VACATION OF
   AWARDS — TIME LIMITATIONS — TOLLING.

   The statutory period for seeking vacation of an arbitration award
   under the federal arbitration act is tolled by a request for
   clarification of that award (9 USC 1 *et seq.*).

CONCURRENCE BY M. J. KELLY, J.

4. ARBITRATION — FEDERAL ARBITRATION ACT — STATE ARBITRATION
   STATUTES.

   *The federal arbitration act was not intended to supersede state
   arbitration statutes but to provide federal courts with the
   necessary powers to enforce and adjudicate arbitration agree-
   ments affecting admiralty or commerce (9 USC 1 et seq.).*

*David Melkus,* and *Lawrence Canyock,* for plaintiff.

*Garan, Lucow, Miller, Seward, Cooper & Becker,
P.C.* (by *Sharon C. Ranucci* and *Rosalind H. Roch-
kind),* for defendant.

ON REMAND

Before: R. M. MAHER, P.J., and R. B. BURNS and
M. J. KELLY, JJ.

PER CURIAM. This case is back to us on remand
from the Supreme Court. *Downing v Allstate Ins
Co,* 414 Mich 965 (1982). The facts were stated well
in our original opinion:

"Plaintiff appeals by right an order denying her
motion to vacate an arbitration award which provided
that she was not entitled to recover on an uninsured
motorist claim. Plaintiff also appeals by right an order
granting defendant summary judgment and dismissing
plaintiff's complaint alleging breach of contract and
seeking equitable relief for defendant's failure to pay
the uninsured motorist claim. The two actions were
consolidated by the trial court on March 13, 1980.
"Mickle Lange was fatally injured in an automobile
accident on August 2, 1976, while a passenger in a car

driven by an uninsured motorist. Plaintiff, the administratrix of Lange's estate, sought recovery of uninsured motorist benefits under a policy issued by defendant to the decedent's parents. Defendant denied the claim, and the decedent's parents filed a demand for arbitration on April 28, 1977, pursuant to a clause in the insurance policy which provided:

" *'Arbitration.* If any person making claim hereunder and Allstate do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this coverage, then, upon written demand of either, the matter or matters upon which such person and Allstate do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and Allstate each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this coverage.'

"An arbitration award was issued on April 26, 1979, denying plaintiff's claim for uninsured motorist benefits.

"On May 14, 1979, plaintiff requested a clarification of the arbitrator's award. On August 13, 1979, the arbitrators issued a clarification, which stated that plaintiff had failed to present sufficient evidence that the uninsured motorist had been negligent. On August 24, 1979, plaintiff asked the arbitrators to reopen the proofs. On September 11, 1979, before receiving a response to her request from the American Arbitration Association, plaintiff filed a motion in circuit court seeking to reopen the proofs relating to the arbitration award, which the trial court treated as a motion to vacate the award. On December 13, 1979, plaintiff filed a motion to amend its original motion, a motion to consolidate with other proceedings, and a motion for other relief. On the same day, plaintiff filed an independent lawsuit alleging breach of contract and seeking equitable relief for defendant's failure to pay the uninsured motorist claim.

"On December 14, 1979, the trial court denied plaintiff's motion to reopen the proofs of the arbitration award, or in the alternative to vacate the arbitration award, and ordered the confirmation of the award. On March 13, 1980, the trial court granted defendant summary judgment with respect to the independent lawsuit on the ground that the arbitration award was final and binding upon the parties. This appeal followed." *Downing v Allstate Ins Co,* 113 Mich App 96, 98-100; 317 NW2d 302 (1982).

The Supreme Court has instructed us to reconsider this case in light of *Arrow Overall Supply Co v Peloquin Enterprises,* 414 Mich 95; 323 NW2d 1 (1982). We have done so, but have decided that it does not alter our original conclusion that plaintiff's motion to vacate was untimely under GCR 1963, 769.9(2). In *Arrow, supra,* plaintiff brought an action in circuit court to confirm an award of an arbitration tribunal entered on August 4, 1977. At the hearing, held on March 31, 1978, the defendant filed an answer denying that the arbitrator had been appointed according to law. The plaintiff argued that the defendant's assertion that there was no agreement to arbitrate was, in effect, a motion to vacate the arbitrator's award and was not brought within 20 days after "delivery of a copy of the award to the applicant" as required by GCR 1963, 769.9(2). The Court responded:

"The rule's time limitation binds the moving party, not one who opposes the motion. Here the defendant is not seeking to vacate the award, but simply opposes its confirmation. Since the rule prescribes no time limitation on the interposition of defenses, it would appear proper to allow it whenever it be sought to confirm the award." *Arrow, supra,* p 101.

In the present case, however, it was the plaintiff

who initiated the action to vacate the award. Thus, even after *Arrow,* the plaintiff is subject to the 20-day rule.

*Arrow,* however, does change our response to one of plaintiff's arguments. Plaintiff had argued that even if her motion to vacate were untimely, there is no time limit to raising objections to the other party's motion to confirm the award. We replied:

"Regardless of another party's attempt to confirm an award, objections to an award may not be raised after expiration of the 20-day time limit." 113 Mich App 101. This is incorrect; under *Arrow* the 20-day time limit does not apply in these circumstances. This does not, however, render plaintiff's objections timely. The defendant never moved to confirm the arbitration award. Rather, the court confirmed the award because "[i]f the application to vacate. is denied and no motion to modify or correct the award is pending, the court *shall* confirm the award". GCR 1963, 769.9(4) (Emphasis supplied.)

In our earlier decision, we held that the federal arbitration act, 9 USC 1 *et seq.,* is not applicable to plaintiff's arbitration agreement. The Supreme Court has asked us to explain the "rationale" for this decision. The act provides in part:

"A written provision in * * * a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 USC 2.

By its terms, the federal act only applies to contracts "evidencing a transaction involving [interstate] commerce". The contract involved in this case does not evidence such a transaction. Every event relevant to this case took place in Michigan. Thus, we concluded that the federal act does not apply to plaintiff's contract.

Finally, we are "to address plaintiff's argument that the statutory period for seeking vacation of an award under the federal act was tolled by the consensual clarification of the award * * *". We believe that a request for clarification does toll the statutory period under the federal act. One purpose of making a request must be to determine whether the party requesting such action has good reason to move to vacate the award. It would be difficult for a party to challenge an arbitration award if the award did not disclose adequately the nature of and reasons behind the arbitrator's decision. To hold that a request for clarification does not toll the statutory period would place an unfair burden on a party who wishes to move to vacate an arbitrator's award requiring clarification. Therefore, we hold that the statutory period for seeking vacation of an arbitration award under the federal act is tolled by a request for clarification of that award. However, because the federal act does not apply to this case, we adhere to our earlier conclusion that plaintiff's motion was untimely.

Affirmed.

M. J. KELLY, J. *(concurring).* I find the federal arbitration act, 9 USC 1 *et seq.,* wholly inapplicable to these state court proceedings. Plaintiff has failed to cite any state court decisions wherein the federal arbitration act was applied, and those sections of the act providing for vacating, modifying, or correcting an award begin:

"In either of the following cases the United States court in and for the district wherein the award was made may make an order * * *." 9 USC 10, 11.

The three-month notice provision contained such language as "resdient of the district" and "served by the marshal". 9 USC 12. It appears that the federal arbitration act was not intended to supersede state arbitration statutes but to provide federal courts with the necessary powers to enforce and adjudicate arbitration agreements affecting admiralty or commerce. I believe that if plaintiff considered herself to have been proceeding under the federal arbitration act she should have proceeded with her motion to vacate in the federal district court.