DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE v
SANFORD

Docket No. 73801. Submitted November 7, 1984, at Lansing.—Decided
April 15, 1985.

Edmond Sanford sustained injuries in a two-car accident while
riding as a passenger in a vehicle operated by Raymond Dar-
ling. Sanford was insured under a policy issued by Detroit
Automobile Inter-Insurance Exchange to his wife, Rachel San-
ford, which included uninsured motorist coverage limited to
$20,000. Darling was insured by Auto-Owners Insurance Com-
pany and the policy included uninsured motorist protection for
passengers up to the limit of $20,000. Neither the owner nor
the operator of the other vehicle was insured under a no-fault
policy. The Sanfords sued James Cummings, the uninsured
owner of the other vehicle, and obtained a $37,500 jury verdict
against Cummings. That verdict award proved to be uncollecta-
ble. The Sanfords then filed for arbitration against DAIIE and
Auto-Owners. Following a hearing at which both insurers
argued that, due to anti-stacking provisions in their policies,
defendants' total recovery must be limited to $20,000, the
arbitration panel issued separate $20,000 awards against the
two insurers. Auto-Owners paid the $20,000 as ordered, but
DAIIE filed a complaint for declaratory relief in Genesee
Circuit Court seeking a ruling that the award against it was
unenforceable as contrary to the anti-stacking provision of its
insurance policy. The court, Robert M. Ransom, J., granted

REFERENCES FOR POINTS IN HEADNOTES
[1] 7 Am Jur 2d, Automobile Insurance § 337.
Combining or "stacking" of "no-fault" or personal injury protection
(PIP) coverages in automobile liability policy or policies. 29
ALR4th 12.
What issues are arbitrable under arbitration provision of uninsured
motorist insurance. 29 ALR3d 328.
[2, 4] 22 Am Jur 2d, Declaratory Judgments § 52.
Availability and scope of declaratory judgment actions in determin-
ing rights of parties, or powers and exercise thereof by arbitra-
tors, under arbitration agreements. 12 ALR3d 854.
[3, 4] 22 Am Jur 2d, Declaratory Judgments § 9.

declaratory relief in favor of DAIIE. The Sanfords appealed.
*Held:*

Declaratory relief was not available to DAIIE in this case.
DAIIE should have filed a motion to vacate the arbitration
award pursuant to the court rules instead of seeking declara-
tory relief. The Supreme Court has held that arbitrators of a
no-fault insurance claim exceed their powers when they disre-
gard the anti-stacking language of the insurance contract from
which they derive those powers. However, despite the fact that
the arbitration panel apparently exceeded its powers by disre-
garding the anti-stacking provisions of the policies at issue and
despite the fact that the circuit court inexplicably considered a
20-day time limit as imposed by the court rule governing
motions to vacate arbitration awards, the circuit court action
was for a declaratory judgment, not for vacation of an arbitra-
tion award, and therefore cannot be affirmed.

Reversed.

1. ARBITRATION — INSURANCE — STACKING.

Arbitrators of a no-fault insurance claim exceed their powers
when they disregard the anti-stacking language of the insur-
ance contract from which they derive those powers.

2. ARBITRATION — CIRCUIT COURT — DECLARATORY RELIEF.

A party to an arbitration award may not proceed in circuit court
with a petition for declaratory relief for the purpose of reliti-
gating the same issue decided by arbitration.

3. COURTS — CIRCUIT COURTS — DECLARATORY RELIEF.

The right of a party to obtain declaratory relief is discretionary
with the circuit court and is not barred by the existence of
another remedy, but two requirements must be met in order to
maintain such an action: (1) an actual controversy must exist
and (2) the circuit court must have subject matter jurisdiction
over the underlying controversy (GCR 1963, 521.1, 521.3).

4. COURTS — CIRCUIT COURTS — ARBITRATION — DECLARATORY RELIEF.

The existence of an arbitration agreement does not deprive the
circuit court of the subject matter jurisdiction to resolve arbi-
trable issues in a declaratory action, but where an arbitration
award has already been entered before declaratory relief is
sought, the award extinguishes any actual controversy between
the parties and does deprive the circuit court of the subject
matter jurisdiction necessary for declaratory action; in such
cases, claims of error in the arbitration determination must be
pursued in accordance with the court rules governing arbitra-
tion (GCR 1963, 769).

*Dean, Dean, Segar, Hart & Shulman, P.C.* (by *Clifford H. Hart),* for plaintiff.

*Morrissey, Bove & Ebbott* (by *Richard H. Ebbott),* for defendants.

Before: M. J. KELLY, P.J., and BEASLEY and M. R. STEMPIEN,* JJ.

M. J. KELLY, P.J. Defendants appeal as of right from a declaratory judgment in favor of plaintiff in which the trial court held that plaintiff is not responsible for an arbitration award of $20,000.

The material facts are set forth in a stipulation filed by the parties in circuit court. On January 31, 1974, Edmond Sanford sustained injuries in a two-car accident while riding as a passenger in a vehicle operated by Raymond Darling. The other vehicle was operated by Larry Spillers and owned by James Cummings, neither of whom were insured under a no-fault policy. Darling was insured by Auto-Owners Insurance Company and his policy included uninsured motorist protection for passengers up to the standard limit of $20,000. Sanford was covered under a policy issued by DAIIE to his wife, Rachel Sanford, which included uninsured motorist coverage also limited to $20,000.

Defendants obtained a $37,500 jury verdict against Cummings in 1979. Because of Cummings' uncollectibility, defendants subsequently filed for arbitration against both DAIIE and Auto-Owners and an arbitration hearing was conducted on February 6, 1980. Although no record was made of that hearing, the parties stipulated in circuit court that the attorneys for both insurers had raised the issue of stacking and had argued that defendants' total recovery must be limited to $20,000. The

---

* Circuit judge, sitting on the Court of Appeals by assignment.

arbitrators, however, issued one award of $20,000 against Auto-Owners and another award of $20,-000 against DAIIE. Auto-Owners satisfied its obligation but DAIIE filed a complaint for declaratory relief in circuit court seeking a ruling that the award against DAIIE was unenforceable as contrary to the anti-stacking provision of the insurance contract. Its complaint was filed on April 1, 1980.

On February 11, 1982, the circuit court issued an order holding DAIIE's complaint in abeyance pending the Supreme Court's decision in *DAIIE v Gavin*, 416 Mich 407; 331 NW2d 418 (1982). Following the release of that decision, the trial court granted a declaratory judgment in favor of DAIIE. Defendants now appeal.

We are presented in this case with the significant procedural question of whether a party to an arbitration proceeding may challenge an arbitration award by filing a complaint for declaratory relief in circuit court. Defendants were petitioners in an arbitration proceeding questioning the limits of DAIIE's liability for uninsured motorist coverage. Upon receiving an unfavorable ruling, DAIIE sought to challenge the award in circuit court on the ground that the arbitrators had exceeded their powers. Instead of filing a motion to vacate the award under GCR 1963, 769.9, however, DAIIE filed a complaint for declaratory judgment seeking a ruling that the award was unenforceable as a matter of law. We hold that declaratory relief is not available and we reverse the declaratory judgment in this case.

In *DAIIE v Gavin, supra,* the Supreme Court ruled on the merits of the predicate issue presented in this case by finding that arbitrators of a no-fault insurance claim exceed their powers when they disregard the anti-stacking language of the

insurance contract from which they derive those powers. 416 Mich 445. The trial court in this case relied on *Gavin* in issuing its judgment declaring the award against DAIIE unenforceable.

In *Gavin,* however, DAIIE had challenged the arbitration award by way of a motion to vacate pursuant to GCR 1963, 769.9. For that reason, the Supreme Court in *Gavin* was not called upon to address whether a motion to vacate is the only avenue of relief available to a party challenging the award. Nevertheless, because the purpose of the *Gavin* opinion was to develop and articulate the appropriate standard for circuit court review of whether arbitrators exceed their powers, the Court did engage in a fairly extensive analysis of the role played by the judiciary with regard to no-fault arbitration awards in general. Implicit throughout *Gavin* is the view that circuit court intervention in arbitration disputes is by way of appellate review and is always in the context of motions to vacate, to confirm or to modify. For example, in determining whether the 20-day filing requirement was jurisdictional or procedural in nature, the court stated that GCR 1963, 769 should be read "as delineating a litigant's right to challenge an arbitration award". The 20-day filing requirement was thus construed as a procedural requirement guaranteeing a party's *right* to obtain circuit court review of an arbitration award and that untimely motions are still reviewable in the court's discretion upon a finding of excusable neglect. The court further noted that the process of "arbitration, by its very nature, restrains meaningful legal review in the traditional sense" and that as a result, "[i]t is only the kind of legal error that is evident without scrutiny of intermediate mental indicia which remains reviewable". 416 Mich 429. Summarizing, the Court in *Gavin* stated

that the "function of the judiciary in cases of statutory arbitration" will be "to correct material error". 416 Mich 432-433.

We apprehend a similar message from the Supreme Court's decision in *Arrow Overall Supply Co v Peloquin Enterprises,* 414 Mich 95; 323 NW2d 1 (1982). In that case, the Supreme Court opined that "GCR 1963, 769 describes proceedings in the circuit court to confirm, enforce or vacate an arbitration award" and that "the jurisdictional basis on which the court may enter judgment ·on an award" is provided under MCL 600.5025; MSA 27A.5025. 414 Mich 98.

Though not directly on point, we find this Court's decision in *Downing v Allstate Insurance Co,* 113 Mich App 96, 102-103; 317 NW2d 302 (1982), *remanded on other grounds* 414 Mich 965 (1982), *(On Remand),* 124 Mich App 727; 335 NW2d 139 (1983), *modified* 419 Mich 932 (1984), instructive on the issue presented here. In *Downing,* we held that the existence of an arbitration agreement between the insurer and the insured barred the insured's right to maintain an independent circuit court action for breach of contract. Where a binding arbitration agreement exists, the only judicial remedy available to either party is the limited relief available under GCR 1963, 769.9.

We also believe that the only judicial relief available to a party dissatisfied with an insurance arbitration award, in this case DAIIE, is to proceed with the appropriate motion under GCR 1963, 769. Where an arbitration award is entered and the parties do not dispute the arbitrability of the issue, we hold that the circuit court's power to nullify or correct that award is limited under GCR 1963, 769 and the statutory arbitration act, MCL 600.5001 *et seq.;* MSA 27A.5001 *et seq.* Thus, a party to an arbitration award may not proceed in

circuit court with a complaint for declaratory relief for the purpose of relitigating the same issues decided by arbitration.

Our holding is consistent with the general rules governing the availability of declaratory relief. While the right of a party to obtain declaratory relief is discretionary with the trial court and is not barred by the existence of another remedy, GCR 1963, 521.3, two requirements must be met in order to maintain such an action. An actual controversy must exist and the circuit court must have subject matter jurisdiction over the underlying controversy. GCR 1963, 521.1; *Boyd v Nelson Credit Centers, Inc,* 132 Mich App 774, 778-779; 348 NW2d 25 (1984). This Court has already determined that the existence of an arbitration agreement does not deprive the circuit court of the subject matter jurisdiction to resolve arbitrable issues in a declaratory action. *DAIIE v Maurizio,* 129 Mich App 166; 341 NW2d 262 (1983), *lv den* 419 Mich 877 (1984). In *Maurizio,* the parties had not yet obtained an arbitration award when DAIIE filed its declaratory action, essentially challenging the arbitrability of defendants' claim. In this case, however, an arbitration award had already been entered before DAIIE filed its complaint for declaratory relief. The question that arises is whether that award extinguishes any actual controversy between the parties.

An actual controversy exists for purposes of GCR 1963, 521.1 only where a judicial decision is necessary to guide a plaintiff's future conduct. *Shavers v Attorney General,* 402 Mich 554, 589; 267 NW2d 72 (1978), *cert den* 442 US 934; 99 S Ct 2869; 61 L Ed 2d 303 (1979); *J F Cavanaugh & Co v Detroit,* 126 Mich App 627, 632; 337 NW2d 605 (1983). Because the parties in this case had already submitted their dispute to an appropriate decision-

making tribunal and had obtained a decision on the merits, it is incorrect to say that DAIIE needed a declaratory judgment to guide its future conduct. The arbitration panel had already ruled on the insurer's duty and its claim of error with that arbitration determination could only have been pursued in accordance with GCR 1963, 769. To hold otherwise would, in our view, contravene the established public policy reasons behind arbitration and collateral estoppel.

While DAIIE's complaint in circuit court was titled a petition for declaratory relief rather than a motion to vacate an arbitration award, the trial court inexplicably considered the 20-day filing requirement imposed under GCR 1963, 769.9(2). The court ruled that DAIIE's attempt to challenge the arbitration award, though untimely, was nevertheless within the discretion of the trial court under *Gavin*. In *Gavin*, however, the Supreme Court clearly conditioned the circuit court's "discretionary power to permit a party to plead beyond established time limits *upon a showing of excusable neglect*". (Emphasis added.) 416 Mich 423. DAIIE failed in this case to introduce any proofs explaining its failure to comply with the 20-day requirement and the trial court made no finding of excusable neglect. We cannot affirm the circuit court's declaratory judgment as though it were a ruling on a motion to vacate an arbitration award.

Reversed.