**Raymond A. WEST, Sr., Appellant,**

v.

**ITT CONTINENTAL BAKING CO., Bakery and Confectionary Workers International Union of America, AFL–CIO and its Local No. 358, Appellees.**

No. 82–1035.

United States Court of Appeals, Fourth Circuit.

Argued June 11, 1982.

Decided July 14, 1982.

Robert P. Geary, Richmond, Va. (Geary & Davenport, Richmond, Va., on brief), for appellant.

Jay J. Levit, Richmond, Va. (Levit & Mann, Richmond, Va., on brief), Thomas K. Wotring, Washington, D. C. (Kenneth F. Hickey, Morgan, Lewis & Bockius, Washington, D. C., on brief), for appellees.

Before WINTER, Chief Judge, and PHILLIPS and ERVIN, Circuit Judges.

JAMES DICKSON PHILLIPS, Circuit Judge:

In June 1981, Raymond West filed a complaint under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and related statutes, claiming that ITT Continental Baking Co. (ITT) and the Bakery Workers International Union and its Local 358 (Union) had conspired to deny him collective bargaining contract rights. He alleged that he had been employed by ITT since 1971 as a mechanic and that in 1976

ITT began assigning him for work outside the Cary Street plant in Richmond. The union complained about West's outside work and his hours were then shortened. ITT later returned him to full-time work at Cary Street, but in September 1977 ITT and the union agreed that West should get no seniority for the time he worked outside the Cary Street plant. West further alleged that in April 1978 the defendants forced him to become an independent contractor rather than an employee; that he remained an independent contractor until March 1980; and that when, in December 1978, he asked to be reinstated as an employee, ITT rejected his request unless he accepted lesser seniority.

The district court dismissed West's complaint under Fed.R.Civ.P. 12(c) on the grounds it was time-barred under any relevant statute of limitations. We affirm.

West urges that the relevant statute of limitations in this case is Virginia's three-year oral contract statute, Va.Code § 8.01–246(4).[1] He asserts that the last relevant act in the "continuing violation" of his collective bargaining contract rights is ITT's refusal in December 1978 to grant his request for reinstatement. This refusal, argues West, was merely the last act of a pattern and practice of refusing him his contract rights.

ITT responds that the continuing violation doctrine should be confined to Title VII cases, and that even if sometimes applicable to § 301 suits the present allegations do not warrant its use.

We need not address ITT's more general argument, for we agree that, on the facts alleged here, the April 1978 discharge from employee status is the relevant, fixed date for computing the limitations period. The change in employment status was the significant event of which West complained. After his discharge from employee status, all of the wrongs alleged relate solely to that event and ITT's refusal to change its

decision. Thus the continuing violation doctrine does not apply. See King v. Seaboard Coast Line Railroad, 538 F.2d 581, 583 n.5 (4th Cir. 1976); Olson v. Rembrandt Printing Co., 511 F.2d 1228, 1234 (8th Cir. 1975) (en banc). Under West's suggested application of the continuing violation doctrine, he could keep his claim of wrongful discharge forever alive by requesting once every three years that ITT reinstate him. This, of course, would destroy the policies of finality and repose underlying the statute of limitations. Cf. United Air Lines, Inc. v. Evans, 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977) (continuing failure to grant seniority upon rehiring after discriminatory discharge not a present violation).

Because West's June 1981 filing was more than three years after his April 1978 discharge, the action is barred by the statute of limitations.

AFFIRMED.

---

1. Defendant ITT agrees that § 8.01–246(4) is the appropriate statute of limitations for the causes of action against it. The union argues that Virginia's two-year torts statute of limitations, Va.Code § 8.01–243 should be used to measure West's claims against it. Since we find all claims barred in any event by the three-year statute, we need not address the union's argument.