Robert BRANCH, Plaintiff,

v.

AMERICAN FREIGHT SYSTEM, INC., Local Union No. 41, Over-The-Road Drivers, Helpers, Dockmen and Warehousemen, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Defendants.

No. 82–1031–CV–W–5.

United States District Court, W.D. Missouri, W.D.

Oct. 11, 1983.

---

Martin M. Loring, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, Mo., for plaintiff.

R.F. Beagle, Robert J. Harrop, Gage & Tucker, Kansas City, Mo., for American Freight System, Inc.

Steven A. Fehr, Janae L. Schaeffer, Jolley, Moran, Walsh, Hager & Gordon, Kansas City, Mo., for Local Union No. 41.

## ORDER

SCOTT O. WRIGHT, District Judge.

Plaintiff Robert Branch brought this action pursuant to 29 U.S.C. § 185 (§ 301 of the Labor Management Relations Act), alleging that his employer, American Freight System, Inc., breached a collective bargaining agreement, and that the International Brotherhood of Teamsters union breached its duty of fair representation. Plaintiff claims that on April 28, 1982, he was discharged from his employment by American Freight for allegedly having delayed freight in violation of the existing collective bargaining agreement, and that his discharge was in breach of the collective bargaining agreement in that there was no good cause for his termination. Plaintiff then filed a grievance challenging that discharge, and the grievance was heard and denied by the contractually established Joint Arbitration Committee on May 10, 1982. In August of 1982, plaintiff sought to reopen the earlier grievance decision on the ground of new evidence, and on August 2, 1982, the Joint Arbitration Committee considered the claim, found no new evidence, and reaffirmed its earlier decision. The present suit was then filed on December 7, 1982.

The defendants have filed motions for summary judgment, and argue that the plaintiff's claim is barred by the statute of limitations. Defendants submit that plain-

tiff's action was not filed within either the 90-day limit previously recognized by courts as the applicable period for § 301 actions, or the 6-month period of § 10(b) recently adopted by the United States Supreme Court in *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). Plaintiff contends that the applicable statute did not begin to run until August 2, 1982, when the Arbitration Committee reaffirmed its previous decision. Plaintiff also argues that even if the statute commenced running on May 10, 1982, it was tolled by the Arbitration Committee's reconsideration of new evidence. For the following reasons, defendants' motions for summary judgment will be granted.

## I. *Accrual of the Cause of Action*

■ In § 301 cases, the rule as expressed by the Eighth Circuit is that the cause of action accrues against the union and the employer when the employee's grievance is rejected. *Warren v. International Brotherhood of Teamsters*, 544 F.2d 334, 337 (8th Cir.1976); *Butler v. Local Union 823, International Brotherhood of Teamsters*, 514 F.2d 442, 449 (8th Cir.1975). In response to a request from this Court, the defendants have submitted a full and complete copy of the 1982–85 National Master Freight Agreement and Central States Area Over-the-Road Supplemental Agreement, which was the collective bargaining agreement in effect when plaintiff's grievance was processed. Article 45 of the Central States Agreement is entitled "Grievance Machinery and Union Liability," and Section 1(b) states that where "the Joint Area Committee by majority vote settles a dispute such decision shall be final and binding on both parties with no further appeal." The affidavit of John McCarthy, Vice-President of Industrial Relations for American Freight, indicates that on May 10, 1982, the joint committee conducted a hearing on plaintiff's discharge in accordance with the collective bargaining agreement, and ruled that the discharge was not in violation of the contract. The collective bargaining agreement contained no language expressly authorizing the plaintiff to

seek a review of the committee's decision, nor is there a provision granting the committee the power to reconsider an earlier grievance decision on the ground of new evidence.

■ Although it may be proper for the committee to undertake such a review, for purposes of determining when the plaintiff's cause of action accrued, the ruling by the committee on May 10, 1982, to deny the grievance clearly appears to be a final decision rejecting the grievance under the terms of the collective bargaining agreement. To hold that the date of reconsideration is the date of accrual could, as the defendants suggest, extend the permissible period for filing a § 301 suit indefinitely.

## II. *The Running of the Statute*

■ Prior to the Supreme Court's decision in *DelCostello*, an employee's claim against an employer was governed by the state statute of limitations for vacation of an arbitration award. *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981). Several cases held that the same limitation also was appropriate for § 301 actions against both the union and the employer. *Arrow v. Pulitzer Publishing Co.*, 548 F.Supp. 420 (E.D. Mo.1982); *Wilcoxen v. Kroger Food Stores*, 545 F.Supp. 1019 (E.D.Mo.1982); *Stahlman v. Kroger Co.*, 542 F.Supp. 1118 (E.D.Mo.1982).

According to Mo.Rev.Stat. § 435.120, application to vacate or modify an arbitration award must be made to the court at the next term. Mo.Rev.Stat. § 478.205 states that the state circuit courts terms commence on the second Monday of February, May, August and November. It is clear that plaintiff failed to file his complaint in time to meet the requirements of § 435.-120, even assuming that statute applies. The Uniform Arbitration Act, adopted by Missouri in 1980, applies to agreements made subsequent to the enactment of the Act. Mo.Rev.Stat. § 435.445. Prior to the *DelCostello* decision, it would seem that the statute applicable to the present situa-

tion would be § 435.405.2, which creates a 90-day limitation period for actions to vacate arbitration awards. Plaintiff also has failed to meet this time requirement, as the complaint was not filed until nearly seven months after the committee rejected the grievance.

Assuming that the *DelCostello* decision applies retroactively, the § 10(b) six-month period is the governing limitation. Plaintiff's cause of action accrued, and the statute began to run, on May 10, 1982, when the committee denied the grievance. Plaintiff's complaint, filed December 7, 1982, failed to meet the November 10, 1982 deadline, and plaintiff's action is, therefore, untimely under the *DelCostello* decision.

It is clear that, regardless of which statute of limitation applies, plaintiff's action is barred. Plaintiff's cause of action accrued on May 10, 1982, and the December 7 filing failed to meet the "next term of court" requirement of Mo.Rev.Stat. § 435.120, the 90-day period of Mo.Rev.Stat. § 435.445, or the six-month limitation prescribed by *DelCostello.*

### III. *Tolling*

■ Plaintiff suggests that the efforts of the plaintiff to have the grievance committee reopen the decision tolled the running of the statute of limitations until the final notice by the committee reaffirming its decision. According to the court in *Pesola v. Inland Tool & Mfg., Inc.,* 423 F.Supp. 30 (E.D.Mich.1976), the statute of limitations in a § 301 suit should be tolled during the pendency of internal union procedures. *Id.* at 34. In the present case, the applicable collective bargaining agreement made no provision authorizing a reopening of the decision. The agreement did provide that a decision of the grievance committee by majority vote, such as the ruling made by the committee on May 10, 1982, is final and binding on both parties with no further appeal. Accordingly, the decision of the committee on May 10 sufficiently exhausted the grievance procedure so that the statute began to run on that date.

Tolling of the statute, if any, would have occurred only on the request by the plaintiff to reopen the decision, and would have ceased on August 2, 1982, when the committee reaffirmed its decision. As indicated in the affidavit of John McCarthy, and in the plaintiff's own memorandum in opposition to the motions for summary judgment, plaintiff did not seek to reopen the case until August, 1982. Even if this Court accepted such an argument, the statute would be tolled only for a period of a few days, the period between the request to reopen and the reaffirmation of the earlier decision. This brief tolling still would not make plaintiff's action timely, as the complaint was filed nearly a month after the expiration of the six-month statute, the longest of the possible applicable statutes.

Nonetheless, this Court believes that the statute was not tolled by the committee's reconsideration. The reopening of the case was not provided for in the collective bargaining agreement, and under the terms of the agreement, the decision of the committee on May 10, 1982 was a final, binding decision. In *Downing v. Allstate Ins. Co.,* 113 Mich.App. 96, 317 N.W.2d 302 (1982), vacated 414 Mich. 965, 327 N.W.2d 256 (1982) (remanded with instructions that the lower court consider the applicability of the federal arbitration statute), an arbitration award was issued denying plaintiff's claim for uninsured motorist benefits. Plaintiff then filed motions for clarification and reconsideration. Plaintiff subsequently filed a motion to vacate the arbitration award, which the trial court denied because the plaintiff failed to file the motion in the required 20-day period. On appeal, the plaintiff argued that her requests for clarification and reconsideration tolled the 20-day limitation. In rejecting the plaintiff's argument, the appellate court noted that the Michigan arbitration statute did not provide for "clarification or reconsideration of an award by arbitrators. Plaintiff cannot manufacture a tolling provision by employing a procedural device unauthorized by statute. Although plaintiff contends that a motion to vacate the award would have been premature if the arbitration pro-

cess had not yet been exhausted, an arbitration in Michigan is complete upon issuance of the award; hence, such a motion would not have been premature." *Id.* 317 N.W.2d at 304–05. Similarly, in the present case, the collective bargaining agreement, like the Michigan statute, did not provide for the reopening of the award, and the grievance committee's decision was a final, binding decision on May 10, 1982. Therefore, the reconsideration by the committee in August, 1982 was not part of the grievance procedure which would toll the running of the statute. Accordingly, it is hereby

ORDERED that defendants' motions for summary judgment are granted.