Kenneth A. HULL, Plaintiff,

v.

LOCAL 414 OF the INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN, AND HELPERS; and Central Transport, Inc., Defendants.

Civ. No. F 84–105.

United States District Court,
N.D. Indiana,
Fort Wayne Division.

Jan. 30, 1985.

S. Sargent Visher and Belle T. Choate, Indianapolis, Ind., Fergus Kear, Fort Wayne, Ind., for plaintiff.

William R. Groth, Indianapolis, Ind., Stephen J. Lerch, Fort Wayne, Ind., for defendant Local 414.

Timothy K. Carroll, Detroit, Mich., Thomas M. Kimbrough, Fort Wayne, Ind., for defendant Central Transport.

## ORDER

WILLIAM C. LEE, District Judge.

This matter is before the court on the motion to dismiss and alternative motion for summary judgment of defendant Local 414 and the motion to dismiss and alternative motion for summary judgment of defendant Central Transport, Inc. Plaintiff responded to both motions. For the following reasons, the motions of the defendants for summary judgment will be granted.

### Discussion

At the outset, the court wishes to clarify that it is considering defendants' motions to be motions for summary judgment, pursuant to Rule 12(b), Fed.R.Civ.P. 12(b). Therefore, the court has examined all ac-

companying documents to the defendants' motions and the plaintiff's responses.

The facts, so far as material, are virtually undisputed and are as follows. Plaintiff was employed by the defendant company Central Transport and was a member of the defendant union Local 414. Local 414 is the exclusive collective bargaining representative at Central Transport.

■ The terms and conditions of plaintiff's employment were governed by a collective bargaining agreement between the defendants. Plaintiff, as a member of the local union, had a duty to familiarize himself with, and to honor, the terms and conditions of that collective bargaining agreement. Article 45 of the Central States Area Over-The-Road Motor Freight Supplemental Agreement, covering the period of March 1, 1982 through March 31, 1985, provides the mechanisms and procedures for pursuing grievances. Article 45, section 1, provides, in pertinent part:

> Failing adjustment [at the local level], the following procedure shall then apply: (a) Where a Joint State Committee, by a majority vote, settles a dispute, no appeal may be taken to the Joint Area Committee. Such a decision shall be final and binding on both parties.

Agreement, Article 45, section 1(a). The collective bargaining agreement does not provide any avenue or opportunity for reopening or rehearing a grievance once that grievance has been settled by a majority decision. The agreement constitutes the entire agreement by which the company and the union have agreed to be bound.

The plaintiff, Kenneth Hull, was discharged by Central Transport in early March of 1983. The reason stated for his discharge was assault on another person while on duty. Plaintiff filed a grievance. An attempt was made to settle the grievance at the local level, but, the attempt failed. Thereafter, the grievance was taken to the Motor Carriers Labor Advisory Grievance Committee on March 30, 1983. The Motor Carriers Labor Advisory Grievance Committee acts as the Joint State Committee in the Central States Area. *See*

Collective Bargaining Agreement, Article 44, section 1.

On March 30, 1983, the Grievance Committee heard evidence on plaintiff's grievance. Following deliberation, the Joint State Committee announced that its unanimous decision was that the grievance should be denied and the discharge of Hull upheld. The decision of the Joint State Committee was, obviously, a majority decision. Thus, the March 30, 1983 decision denying plaintiff's grievance was final and binding upon all of the parties.

On June 25, 1983, plaintiff filed another grievance with the Joint State Committee, requesting a reopening or appeal of the March 30, 1983 decision of the Joint State Committee. Plaintiff alleged that he had new evidence regarding his grievance. The Joint State Committee heard plaintiff's request for a rehearing on October 26, 1983. The Joint State Committee concluded, again unanimously, that it could not grant plaintiff's request to reopen the discharge grievance because the collective bargaining agreement provided that no appeal could be taken through the provided grievance mechanisms from a majority decision of a joint state committee. The Joint State Committee reaffirmed its March 30, 1983 unanimous decision. Plaintiff filed this suit on March 20, 1984.

■ Plaintiff alleges that the defendant company violated the collective bargaining agreement and that the union breached its duty of fair representation, all in violation of § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. This litigation, consequently, comprises two causes of action: one against the company and one against the union. The suit against the company rests on § 301 of the Labor Management Relations Act, *Hines v. Anchor Motor Freight*, 424 U.S. 554, 570–71, 96 S.Ct. 1048, 1059–60, 47 L.Ed.2d 231 (1976), while the suit against the union is implied under the scheme of the National Labor Relations Act, *Vaca v. Sipes*, 386 U.S. 171, 177, 87 S.Ct. 903, 909, 17 L.Ed.2d 842 (1967). As such, this action constitutes a

hybrid § 301/fair representation claim which amounts to a direct challenge to the private settlement of disputes under the collective bargaining agreement. *United Parcel Service v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981) (Stewart, J., concurring). In moving for summary judgment, the defendants assert that plaintiff's suit is barred by the plaintiff's failure to file his suit within the time limit set by the applicable statute of limitations.

The Supreme Court determined what statute of limitations should govern hybrid § 301/fair representation suits. *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). In *DelCostello*, the Court found that the close similarity of interest raised by such hybrid suits is best accommodated by reference to § 10(b) of the National Labor Relations Act, which provides a six month period for bringing charges of unfair labor practices. *Id.*, 103 S.Ct. at 2293. Consequently, there is no longer any doubt as to which statute of limitations should apply in this action and the parties agree that the relevant statute of limitations is the six month period provided in § 10(b) of the National Labor Relations Act. *Id.* Having provided the appropriate statutory period, the dispositive issue becomes whether this cause was timely filed.

To ascertain whether this suit was timely filed, the court need merely count backwards from the actual filing date, March 20, 1984, to the date the cause of action accrued. If more than six months elapsed between those two dates, the suit is time barred. *DelCostello*, 103 S.Ct. at 2293–94. This is not as simple a matter as it might appear, however, as there exists a dispute over when this hybrid cause of action actually accrued. Plaintiff submits that his § 301/fair representation cause of action accrued on October 26, 1983 when the Joint State Committee refused to reopen plaintiff's grievance and reaffirmed its decision of March 30, 1983, denying plaintiff's grievance. Conversely, defendants contend that the § 10(b) period commenced when the Joint State Committee rendered a unanimous decision, denying plaintiff's grievance, on March 30, 1983, the final and binding decision and stage of the grievance procedure set forth in the collective bargaining agreement. The relevant distinction between the application of either date is, of course, not the actual number of days. Rather, it is the result that their applications provide: defendants' March 30, 1983 date bars this action, whereas plaintiff's October 26, 1983 date provides timely filing.

Plaintiff's proposed date for this cause of action's accrual is only possible if the efforts of the plaintiff to have the grievance committee reopen its decision tolled the running of the statute of limitations until the decision by the committee reaffirming its earlier decision. A simple examination of the collective bargaining agreement at issue in this case shows that plaintiff's argument that the cause of action accrued on October 26, 1983, is without merit. The applicable collective bargaining agreement made no provision authorizing a reopening of a decision reached by a majority vote.

The collective bargaining agreement clearly provides that where a joint state committee, by a majority vote, settles a dispute, such a decision shall be final and binding. The decision rendered by the Joint State Committee on plaintiff's grievance, on March 30, 1983, was a unanimous decision. It was, thus, a decision reached by majority vote. Under the clear terms of the collective bargaining agreement, the decision of March 30, 1983, denying plaintiff's grievance, was final and binding. That decision was "the final step in the remedies provided by the agreement which [the] employee [was] required to exhaust before he [could] bring suit for breach of the contract." *Freeman v. Local Union No. 135*, 746 F.2d 1316, 1319 (7th Cir.1984). *See also DelCostello*, 103 S.Ct. at 2290. At the time the Joint State Committee reached its decision of March 30, 1983, Hull knew or should have known facts supporting the allegations in his complaint; plaintiff's

cause of action accrued when the Joint State Committee reached a final and binding decision. This suit was not brought within six months of that date and, consequently, is untimely. *See Freeman,* 746 F.2d at 1319; *Metz v. Tootsie Roll Industries, Inc.,* 715 F.2d 299, 304 (7th Cir.1983), *cert. denied,* ── U.S. ──, 104 S.Ct. 976, 79 L.Ed.2d 214.

There is nothing in the collective bargaining agreement expressly authorizing the plaintiff to seek a review of the Committee's decision nor is there any provision granting the Committee the power to reconsider an earlier grievance decision on the ground of new evidence. Further, there is nothing in the record to indicate that the collective bargaining agreement gives the union the exclusive right to seek judicial review of the Joint State Committee's decision. As of March 30, 1983, Hull had exhausted the remedies provided by the collective bargaining agreement and he had individual access to remedies outside of the collective bargaining agreement. *See Freeman,* 746 F.2d at 1321.

A case directly on point with the facts of this case is *Branch v. American Freight System, Inc.,* 586 F.Supp. 184 (W.D.Mo. 1983). In that case, the plaintiff argued that his efforts to have the grievance committee reopen its decision tolled the running of the statute of limitations until the final notice from the committee reaffirming its decision. The collective bargaining agreement at issue in that case is the same collective bargaining agreement at issue in this case. A majority decision was reached on the grievance. The *Branch* court held that the final binding decision was the grievance committee's decision initially deciding plaintiff's grievance, and not the decision of the grievance committee reaffirming its previous decision. The *Branch* court concluded that the reconsideration by the committee was not part of the grievance procedure which would toll the running of the statute. 586 F.Supp. at 188. The *Branch* court granted defendants' motion for summary judgment. The court commented, "To hold that the date of reconsideration is the date of accrual could,

as the defendants suggest, extend the permissible period for filing a § 301 suit indefinitely." *Id.* at 186. This court agrees with the analysis and conclusions of the *Branch* court.

■ Approaching this question from another angle and applying the general rule that a limitations period begins to run when the claimant discovers or in the exercise of reasonable diligence should have discovered the acts constituting the alleged violations, *see Metz,* 715 F.2d at 304, the court finds that the § 301/fair representation suit would still be time barred. Plaintiff is required to familiarize himself with and to honor the terms and conditions of the collective bargaining agreement involved. *See Miller v. General Motors Corp.,* 675 F.2d 146, 150 (7th Cir.1982). In the terms of the collective bargaining agreement, it is clear from the face of the document that plaintiff should have realized or discovered that the unanimous decision of the Joint State Committee of March 30, 1983, would be the final and binding act and would be the act of which plaintiff should complain in a suit. Plaintiff should have known as of March 30, 1983 that he had exhausted whatever available union remedies he had and should have filed suit within the six month period which began running March 30, 1983. Plaintiff's suit, filed March 20, 1984, is clearly too late.

■ Plaintiff's complaint raises several pendent state claims. This court will dismiss the pendent state claims because all of the federal claims will be dismissed prior to trial. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). *Graf v. Elgin, Joliet & Eastern Ry.,* 697 F.2d 771, 775 (7th Cir. 1983); *Goldschmidt v. Patchett,* 686 F.2d 582, 585 (7th Cir.1982). Plaintiff's state claims will be dismissed without prejudice.

*Conclusion*

Accordingly, on the basis of the foregoing, defendants' motions for summary judgment are hereby GRANTED. Plain-

tiff's state claims are dismissed without prejudice.