767 F.2d 920
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BILLIE GERSBACHER, PLAINTIFF-APPELLANT,
v.
COMMERCIAL CARRIERS, INC., A CORPORATION, AND LOCAL 299,
INTERNATIONAL BROTHERHOOD OF TEAMSTERS,
CHAUFFEURS, WARE-HOUSEMEN AND HELPERS OF
AMERICA, A LABOR ORGANIZATION,
DEFENDANTS-APPELLEES.
 NO. 84-1014
 United States Court of Appeals, Sixth Circuit.
 6/17/85
 
 E.D.Mich.
 AFFIRMED
 ORDER
 BEFORE: KENNEDY and WELLFORD, Circuit Judges; and, BROWN, Senior Circuit Judge.
 
 
 1
 The plaintiff appeals the judgment dismissing his action for wrongful discharge under Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185 and for breach of the Union's duty of fair representation as untimely filed under the six-month statute of limitations found in Sec. 10(b) of the National Labor Relations Act, 29 U.S.C. Sec. 160(b). The defendants moved for partial dismissal of the appeal on grounds the notice of appeal did not preserve all issues for appellate review. Those motions were referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 2
 The plaintiff worked for the defendant Commercial Carriers, Inc. (CCI) when he was placed on lay-off in 1961. He was rehired by CCI as a new employee in 1971. Following the creation of a master seniority list for CCI employees in 1978, the plaintiff filed a grievance claiming he should have been given credit, for seniority purposes, for his pre-1961 employment. The matter was referred to a hearing before the Tri-City Local Panel, a joint arbitration panel containing equal labor and management representation. That Panel entered an order in late May or early June, 1980 denying the grievance. Under the terms of the collective bargaining agreement, that decision was final and binding on all parties. The plaintiff learned of the decision by mid-June, 1980.
 
 
 3
 Following discussions with newly elected Union officials in early 1981, the plaintiff filed a second grievance about seniority. This grievance repeated the assertions of the first grievance, but also alleged the existence of new evidence, i.e., a copy of the collective bargaining agreement in effect in 1961. The Panel treated the grievance under its rules of procedure as a request for a rehearing of its prior decision. It denied such rehearing on grounds the proffered evidence was not new, but had been available to the plaintiff at the first hearing. The plaintiff filed this hybrid Sec. 301/unfair representation action less than a month later.
 
 
 4
 In entering summary judgment for the defendants, the district court, in reliance upon this Court's decision in Badon v. General Motors Corp., 679 F.2d 93 (6th Cir. 1982), held the action controlled by the Sec. 10(b) six-month statute of limitations and found the plaintiff failed to file the action within six months of learning of the Panel's original order. The plaintiff filed a timely motion for reconsideration on two grounds: (1) the district court erred in applying the Badon decision retroactively, and (2) the statute of limitations did not start to run until the Panel denied the plaintiff's request for a rehearing. The district court denied reconsideration of the first issue, but granted reconsideration of the second. Following further briefing, the court rejected the second issue, finding the statute of limitations began to run following the Panel's initial decision. This appeal followed.
 
 
 5
 In their motions for partial dismissal, the defendants assert the time for filing a notice of appeal was tolled under Rule 4(a)(4), Federal Rules of Appellate Procedure, only as to the one issue as to which reconsideration was granted. They argue this Court has no jurisdiction to hear other issues in this case. We find these arguments without merit. The granting of a timely-served motion for reconsideration under Rule 59(e), Federal Rules of Civil Procedure, tolls the time under Appellate Rule 4(a)(4) to file a notice of appeal as to all appealable issues in the underlying action. See Washington v. Confederated Tribes, 447 U.S. 134, 149-50 (1980); Martin v. Campbell, 692 F.2d 112 (11th Cir. 1982). Therefore,
 
 
 6
 It is ORDERED that the defendants' motions for partial dismissal be and they hereby are denied.
 
 
 7
 In Del Costello v. International Brotherhood of Teamsters, 462 U.S. 151 (1983), the Supreme Court held the statute of limitations found in Sec. 10(b) was to be applied in all hybrid Sec. 301/unfair representation cases. In Smith v. General Motors Corp., 747 F.2d 372 (6th Cir. 1984) (en banc), this Court held the Del Costello opinion was to be given retroactive application. The only issue remaining in this appeal, therefore, is when the statute of limitations began to run for purposes of this case.
 
 
 8
 The statute of limitations begins to run in hybrid Sec. 301/unfair representation cases when the plaintiff knew or should have known of the Union's alleged breach of its duty of fair representation. See Howard v. Lockheed-Georgia Co., 742 F.2d 612, 614 (11th Cir. 1984); Metz v. Tootsie Roll Industries, Inc., 715 F.2d 299, 303 (7th Cir. 1983), cert. denied, ---- U.S. ----, 104 S.Ct. 976, 79 L.Ed.2d 214 (1984). Cf. Badon, 579 F.2d at 99-100; NLRB v. Allied Products Corp., Richard Brothers Division, 548 F.2d 644, 650 (6th Cir. 1977). Because the plaintiff's complaint asserted a breach of that duty only as to the initial handling of his grievance, the statute of limitations began to run, for purposes of this action, when the plaintiff learned of the Tri-City Local Panel's original decision. That occurred in June, 1980. This action therefore should have been filed by sometime in December, 1980. The plaintiff points to no act by either defendant during that time which would have caused the running of the statute to be tolled.
 
 
 9
 The plaintiff argues, however, that the statute began to run (either initially or anew) after the Tri-City Local Panel denied his request to rehear its prior decision. He made that request on February 11, 1981 after talking with a Union official one or two weeks earlier. Although the collective bargaining agreement stated that majority opinions of the Local Panel were final and binding on all parties, the rules of procedure promulgated by the Panel itself did provide for rehearing requests based upon new evidence. The plaintiff therefore argues he was merely exhausting the grievance procedure by seeking a rehearing, thereby causing the Sec. 10(b) statute of limitations to start running when the Local Panel denied that request.
 
 
 10
 We find this argument without merit. Where the collective bargaining agreement does not provide for requests for rehearing, but instead provides that decisions of the local arbitration committee are to be final and binding on all parties, an unsuccessful request for such a rehearing filed more than six months after the plaintiff learns of the denial of his grievance by the committee does not cause the statute to run anew. A holding to the contrary would place the statute of limitations entirely in the hands of the plaintiff and nullify the effect of a standard statute of limitations for all hybrid Sec. 301/unfair representation actions. See Hull v. Local 414, Teamsters, 601 F.Supp. 869 (N.D. Ind. 1985); Branch v. American Freight System, Inc., 586 F.Supp. 184 (W.D. Mo. 1983); Beckett v. Anchor Motor Freight, 113 LRRM 2608 (S.D. Ohio 1982). That is particularly true here where the procedural rules of the Tri-City Local Panel do not place a time limit upon requests for rehearing.
 
 
 11
 The cases cited by the plaintiff for a contrary result are distinguishable. In Ryan v. Spartan Stores, 117 LRRM 2288 (E.D. Mich. 1983), the plaintiff requested a rehearing of the Union's grievance panel as to their refusal to take his grievance to arbitration. That case, therefore, involved the exhaustion of intra-union remedies and did not involve grievance procedures under the collective bargaining agreement. In Smart v. Ellis Trucking Co., 580 F.2d 215 (6th Cir. 1978), cert. denied, 440 U.S. 958 (1979), this Court suggested in a footnote that the time for filing a notice of appeal was tolled following completion of the grievance proceedings, including a request for rehearing. 580 F.2d at 219 n.5. An examination of the district court opinion in that case, see 409 F.Supp. 129 (E.D. Mich. 1976), reveals that the action was timely filed for purposes of the footnote whether the date of the original aribtration decision or that of the denial of rehearing was used. The reference to the rehearing date, therefore, was unnecessary for the Court's decision and did not establish precedent for this action. Under the factual circumstances of the present action, we find the request for rehearing did not either toll the statute of limitations or cause it to run anew.
 
 
 12
 Upon examination of the record and briefs, this panel agrees unanimously that oral argument is not needed in this appeal. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 13
 Therefore, it is ORDERED that the district court's judgment finding the plaintiff's action untimely filed under Sec. 10(b) be and it hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.