779 F.2d 51
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JAMES MOODY AND OBIE SMITH, Plaintiffs-Appellants
v.
MINNESOTA MINING & MANUFACTURING CO., CHATTANOOGA,
TENNESSEE; AND LOCAL UNION NO. 222, OF THE
INTERNATIONAL UNION ALLIED INDUSTRIAL
WORKERS OF AMERICA, AFL-CIO,
Defendants-Appellees.
 84-5542
 United States Court of Appeals, Sixth Circuit.
 10/31/85
 AFFIRMED
 
 1
 E.D.Tenn.
 
 ORDER
 
 2
 BEFORE: ENGEL and KENNEDY, Circuit Judges; and HIGGINS, District Judge.*
 
 
 3
 The plaintiffs appeal the judgment for the defendants in these consolidated actions for breach of a collective bargaining agreement in violation of Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185, and breach of the Union's duty of fair representation. The appeal was referred ?? this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 4
 The plaintiffs were laid off their ?? as machinists in the defendant Company's production tooling department in September, 1981. They asserted a right under the collective bargaining agreement to transfer to the maintenance separtment and to 'bump' employees therein with less seniority. The Company refusee to permit such a transfer on grounds the maintenance department employees were members of another union and thus subject to a separate bargaining agreement. The plaintiffs then filed grievances which the Company denied at the initial four steps of the grievance procedure. Their local union decided the grievances did not have enough merit to warrant arbitration and withdrew the grievances on May 12, 1982.
 
 
 5
 In September, 1982, both plaintiffs filed hybrid Sec. 301/unfair representation actions in state court. Transferred to federal court, these actions were voluntarily dismissed in December, 1982. The plaintiffs then prepared a second, joint grievance, dated January 13, 1983, in which they reiterated their claimed rights of transfer. They presented the grievance directly to Company officials who again denied it. The Union learned of that decision, notified the plaintiffs thereof, and requested their comments. When none were received, the Union considered the matter closed as of March 17, 1983.
 
 
 6
 The present hybrid Sec. 301/unfair representation actions were filed in state court on August 9, 1983, and transferred to federal district court. Applying the six-month statute of limitations found in Sec. 10(b) of the National Labor Relations Act, 29 U.S.C. Sec. 160(b), and finding the plaintiffs' causes of action arose on May 12, 1982, the district court entered summary judgment for the defendants on grounds the actions were untimely. This joint appeal followed.
 
 
 7
 The parties agree the six-month statute of limitations found in Sec. 10(b) applies to these actions. See DelCostello v. Teamsters, 462 U.S. 151 (1983); Smith v. General Motors Corp., 747 F.2d 372 (6th Cir. 1984) (en banc). The only issue presented by this appeal is whether the district court erred in finding the statute began to run on May 12, 1982.
 
 
 8
 The plaintiffs assert that their causes of action alleged continuing violations of the collective bargaining agreement in that they are still denied their claimed right to transfer to the maintenance department with full seniority rights. They compare this situation to cases where the alleged breach stems from a single incident, i.e., discharge, which may be fixed in time. The district court rejected this argument, holding instead that the Union's decision in May, 1982, not to take the plaintiffs' grievances to arbitration rendered final the Company's refusal to permit the transfers, and thus gave rise to the plaintiffs' causes of action. It also held the refiling of the grievances did not cause the statute of limitations to run anew.
 
 
 9
 We conclude the district court did not err in reaching this decision. The plaintiffs knew in May, 1982, that the Company would not permit the transfers and that the Union would not pursue the matter further. The fact the plaintiffs continued to assert a right to transfer did not extend the time for filing these actions under Sec. 10(b). See Metz v. Tootsie Roll Industries, Inc., 715 F.2d 299, 305-06 (7th Cir. 1983), cert. denied, 104 S.Ct. 976 (1984); West v. ITT Continental Baking Co., 683 F.2d 845 (4th Cir. 1982). Likewise, the refiling of the grievances did not toll the statute of limitations or cause it to run anew. Cf. Hull v. Local 414, Teamsters, 601 F.Supp. 869 (N.D. Ind. 1985); Branch v. American Freight System, Inc., 586 F.Supp. 184 (W.D. Mo. 1983).
 
 
 10
 It is ORDERED that the district court's judgment of May 14, 1984 be and it hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Higgins, U. S. District judge for the Middle District of Tennessee, sitting by designation