**BUILDING MATERIAL AND CONSTRUCTION DRIVERS, HELPERS AND MATERIAL HANDLERS, TEAMSTERS, LOCAL UNION NO. 341, Plaintiff,**

v.

**BEAVER VALLEY BUILDER'S SUPPLY INC., Defendant.**

**Civ. A. No. 86–1343.**

United States District Court,
W.D. Pennsylvania.

Sept. 18, 1986.

---

Stanford A. Segal, Pittsburgh, Pa., for plaintiff.

John S. Brendel, Pittsburgh, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

■ This is an action under § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, to compel the defendant employer to arbitrate a dispute concerning the discharge of three employees. Defendant has moved for judgment on the pleadings, asserting the bar of the 6 month limitations period. However, both parties have submitted evidentiary material outside the pleadings for the court's review, and we will therefore, pursuant to Fed.R. Civ.P. 12(c), treat this matter as a motion for summary judgment.

Plaintiff is a labor organization representing certain employees of the defendant. Plaintiff and defendant were parties to a collective bargaining agreement which terminated on April 30, 1985, with no new agreement having been reached. However, the union agreed to keep its members on the job after April 30, 1985 while negotiations continued.

Three employees, members of the plaintiff union, refused to report without a contract after April 30, 1985, and were subsequently discharged by the defendant on

June 5, 1985. A new bargaining agreement was attained on June 25, 1985.

On June 14, 1985, the union made a written demand for arbitration on behalf of the three discharged employees. As plaintiff states in the complaint, this demand and subsequent ones were denied by the Respondent, "and no steps whatsoever have been taken by Respondent to proceed to arbitration...."

In *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), the court applied the 6 month limitations period of the National Labor Relations Act (NLRA), 29 U.S.C. § 160(b), to an action against an employer and the union under § 301 of the LMRA. Subsequently, the Third Circuit extended the *DelCostello* ruling to apply to actions under § 301 of the LMRA seeking to compel arbitration. *Federation of Westinghouse Independent Salaried Unions v. Westinghouse Electric Corp.*, 736 F.2d 896 (1984).

While it is clear that the applicable bar here is the 6 month limitations period, an issue arises as to the date when that period begins to run. In *Westinghouse*, the court stated that "The Union's cause of action to compel arbitration arises when the employer takes an unequivocal position that it will not arbitrate." 736 F.2d at 902.

In *Westinghouse*, the union and the employer exchanged correspondence in which the employer indicated it would submit to arbitration if certain conditions were agreed upon. Because this raised an issue as to when the employer's refusal to arbitrate became equivocal, the circuit remanded to the trial court for a determination of this issue.

 In the present case, there is nothing in the pleadings or the evidentiary materials to indicate any equivocation by the employer. The union's repeated demands for arbitration were met promptly with staunch and unequivocal denials. At the latest, an exchange of correspondence in November and December of 1985 made crystal clear the employer's adamant refusal to even consider arbitration. Because this exchange occurred more than 6 months prior to the filing of the complaint on June 25, 1986, this action is time-barred.

Plaintiff's reliance on a January 2, 1986 letter from the employer's counsel to fix a date within the limitations period is unjustified. This letter simply restated the unequivocal refusal to arbitrate stated in each and every piece of prior correspondence. Repeated demands and denials, without any indication or offer of possible resolution, will not operate to extend the limitations period. *Westinghouse*, 736 F.2d 896; see also, *West v. ITT Continental Baking Co.*, 683 F.2d 845 (4th Cir.1982).

For the reasons stated above, summary judgment will be entered in favor of defendant and against plaintiff.