**Kerry MESSER, Plaintiff,**

v.

**William VORHIES, et al., Defendants.**

**No. 86–1572C(6).**

United States District Court, E.D. Missouri.

July 8, 1987.

Frederick M. Steiger, Clayton, Karfeld & Steiger, St. Louis, Mo., for plaintiff.

John S. Sandberg, Paul N. Venker, Shepherd, Sandberg & Phoenix, St. Louis, Mo., Harold Gruenberg, Gruenberg, Souders & Levin, St. Louis, Mo., Mark L. Heiner, Gregory, Van Lopik, Moore & Jeakl, Detroit, Mich., for defendants.

**MEMORANDUM**

GUNN, District Judge.

On September 9, 1985 defendant William Vorhies notified plaintiff Kerry Messer that Messer was being terminated from his employment with defendant Pillsbury Company (Pillsbury) as a consequence of his failure to report to work September 4–6, 1985. Plaintiff immediately filed a grievance with his union, defendant American Federation of Grain Millers Local No. 108 (Local No. 108), protesting his dismissal as without cause and in violation of the collective bargaining agreement then in force between Pillsbury and AFGM. A Labor Relations Committee comprised of union members and representatives of Pillsbury reviewed plaintiff's grievance at a meeting on September 13, 1985. The Committee denied the grievance, finding that plaintiff had been fully apprised of the consequences of failing to report to work on the days in question. James Bailey, President of Local No. 108, notified plaintiff by letter on September 16, 1985 that the Committee had denied his grievance. Plaintiff subsequently, on October 2, 1985, attended an Executive Board meeting of Local No. 108. The Executive Board interrogated him at length concerning his grievance. On October 18, 1985 President Bailey informed plaintiff that the Executive Board had decided not to pursue the grievance any further.

Four months later, on February 7, 1986 Messer wrote to Robert W. Willis, General President of the International American Federation of Grain Millers, requesting him in accordance with the union by-laws to

review the decision of the Executive Board. On February 13, 1986 Willis informed Messer that he had forwarded Messer's request to Lloyd Freilinger, Vice President of Local No. 108, for review. Freilinger provided Willis with a complete history of plaintiff's grievance in a letter of March 15, 1986, and on March 18, 1986 Willis notified plaintiff that he found no basis for disturbing the Executive Board's decision not to pursue plaintiff's grievance.

On June 26, 1986 plaintiff filed suit against Vorhies and Pillsbury in the Circuit Court for the City of St. Louis alleging wrongful discharge and fraudulent inducement to enter into an employment contract. Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441 on August 1, 1986, invoking jurisdiction under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a).

On September 15, 1986 plaintiff with leave of court filed a first amended complaint in this action, naming Robert Willis, James Bailey and Lloyd Freilinger as additional parties-defendant. Plaintiff's amended complaint asserted a hybrid § 301/duty of fair representation claim; it additionally sought damages in two counts for emotional distress allegedly suffered as a consequence of defendants Vorhies and Pillsbury's breach of the collective bargaining agreement and of defendants Willis, Bailey and Freilinger's breach of their duty of fair representation. Defendants Willis, Bailey and Freilinger filed motions to dismiss on the ground that as officers of the union they were not subject to suit under § 301. Plaintiff in response asserted that his complaint in fact ran against the union as an entity. Upon review of the pleadings the Court concluded that plaintiff's amended complaint failed to name the union defendant and directed plaintiff to amend his pleadings to name the proper defendants and to address the statute of limitations problems alluded to by defendants in their motions. On February 13, 1987 plaintiff filed a motion for leave to file a second amended complaint in which he argued that the complaint satisfied the requirements of Rule 15(c), Fed.R.Civ.Pro., and hence "related back" to the date of the original complaint.

Now before the Court are plaintiff's motion for leave to file his second amended complaint and the motion of defendants Vorhies and Pillsbury for summary judgment. Upon review of the record, the Court concludes that plaintiff's original state court complaint was not filed within the six-month limitations period for hybrid claims, *DelCostello v. Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). Accordingly, the Court grants the motion for summary judgment, denies plaintiff's motion to amend and dismisses the action with prejudice.

A cause of action under § 301 accrues against the union and the employer when the employee's grievance is rejected. *Warren v. International Brotherhood of Teamsters,* 544 F.2d 334, 337 (8th Cir.1976); *Butler v. Local Union 823, International Brotherhood of Teamsters,* 514 F.2d 442, 449 (8th Cir.1975). In the case before the Court, plaintiff's grievance was rejected on October 18, 1985 when the Executive Board of Local No. 108 informed him that the union was not going to pursue his grievance. Article II, section 8(g) of the local union by-laws specifies that a decision by the Local Union Executive Board not to pursue a grievance is final unless the Executive Board is otherwise instructed by the International President. The Board was not so instructed in this case, therefore the Court holds that the Executive Board's decision constituted a final rejection of plaintiff's grievance and commenced the running of the statute of limitations on plaintiff's complaint. *See Branch v. American Freight System, Inc.,* 586 F.Supp. 184, 186 (W.D.Mo.1983) (when collective bargaining agreement sets forth committee decision as "final and binding on both parties with no further appeal," cause of action accrues upon entry of decision).

The Court recognizes that Section 8(g) reserves the possibility that an Executive Board decision would be reopened upon instruction by the International President, and that plaintiff Messer in writing to International President Willis pursued that

possibility. The bargaining agreement and by-laws, however, do not provide for appeal to the International President: they neither set forth procedures for such an appeal nor set limitations periods. *Compare Dunleavy v. Local 1617, United Steel Workers of America,* 814 F.2d 1087 (6th Cir.1987) (in suit brought under Labor Management Reporting and Disclosure Act, 29 U.S.C. § 401 *et seq.,* when International Constitution provides option to proceed through internal appeals that must be exercised within 30 days of otherwise final union decision, policy of internal resolution of grievances favors tolling of statute of limitations pending outcome of appeals). To hold in the instant case, therefore, that the date of President Willis' decision is the date of accrual "could ... extend the permissible date for filing a § 301 suit indefinitely." *Branch,* 586 F.Supp. at 186. *See also Pesola v. Inland Tool & Manufacturing, Inc.,* 423 F.Supp. 30 (E.D.Mich.1976).

Even if the Court were to deem the statute tolled during the pendency of plaintiff's appeal to the International President, *see Branch,* 586 F.Supp. at 187; *Pesola,* 423 F.Supp. at 34, the filing of the original complaint on June 26, 1986 would not have been timely. Plaintiff's letter of appeal was mailed on February 7, 1986 and President Willis denied his request for review on March 18, 1986. Calculating from an accrual date of October 18, 1985, subtracting this 40 day period, plaintiff filed his action against Pillsbury and Vorhies more than seven months after he first had a right to sue. He did not seek to bring his union into the suit until three months later. The Court therefore holds that the action is untimely under *DelCostello* and dismisses the complaint. Plaintiff's motion to file a second amended complaint thereby becomes moot.