UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RICHARD HAFER; RANDALL HATMAN,
<u>Plaintiffs-Appellants,</u>

v.

NATIONAL RAILROAD PASSENGER

CORPORATION; TRANSPORTATION
COMMUNICATIONS INTERNATIONAL
UNION,
<u>Defendants-Appellees.</u>

No. 99-2537

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Marvin J. Garbis, District Judge.
(CA-98-4154-MJG)

Submitted: March 20, 2000

Decided: April 4, 2000

Before MURNAGHAN, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John G. Koenig, Jr., ROBINSON & KOENIG, Ellicott City, Mary-
land, for Appellants. Bruce S. Harrison, Eric Hemmendinger,
SHAWE & ROSENTHAL, Baltimore, Maryland; Christopher J.
Tully, Assistant General Counsel, Rockville, Maryland, for Appel-
lees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Richard Hafer and Randall Hatman ("Plaintiffs") appeal from the entry of summary judgment against them in their claims against the National Railroad Passenger Corporation ("AMTRAK") and the Transportation-Communications International Union ("TCU"). We affirm.

The Plaintiffs are AMTRAK employees and TCU members. They allege that, in 1993 and each year since, AMTRAK published a seniority roster that understated their seniority. They filed multiple protests against these rosters. AMTRAK denied relief on two of these protests (in 1996 and 1997) and did not respond to the others.

In 1998, the Plaintiffs initiated a lawsuit alleging that AMTRAK violated their collective bargaining agreement; that TCU breached its duty of fair representation; and that both Defendants conspired to wrongfully reject the Plaintiffs' grievances. The district court granted summary judgment in favor of the Defendants. The Plaintiffs noted a timely appeal.

The district court found that the collective bargaining and fair representation claims were barred by the six-month statute of limitations that governs Railway Labor Act claims. We agree. At the latest, the Plaintiffs' claims accrued when their 1996 grievances were denied. See Meekins v. United Transp. Union, 946 F.2d 1054, 1057 (4th Cir. 1991). Although the seniority roster was re-issued as recently as 1998 and AMTRAK has not responded to the Plaintiffs' ensuing grievance, these actions are not wrongful except insofar as the 1993 seniority roster and 1996 ruling were improper. Thus, there was no continuing violation in this case. See Local Lodge No. 1424, Int'l Ass'n of Machinists v. NLRB, 362 U.S. 411, 422-23 (1960). Moreover, the repetitive use of the grievance process did not extend the statute of

2

limitations for the Plaintiffs' claims. See West v. ITT Continental Baking Co., 683 F.2d 845, 846 (4th Cir. 1982).

With respect to the Plaintiffs' civil conspiracy claim, the district court ruled that this claim could not survive the dismissal of the Railway Labor Act claims, because Maryland law does not recognize conspiracy as an independent tort. Once again, we agree. See Alleco v. Harry & Jeanette Weinberg Found., 665 A.2d 1038, 1044-45 (Md. 1995); see also Harrell v. 20th Century Ins. Co. , 934 F.2d 203, 208 (9th Cir. 1991) (holding that conspiracy claim failed under California law when other claims were dismissed as time-barred).

For these reasons, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED